BENTON, J.,
dissenting.
In Hughes v. Commonwealth, 31 Va.App. 447, 453, 524 S.E.2d 155, 158 (2000), an officer conducting a Terry stop obtained consent for “a pat-down search.” At the conclusion of that search, the officer told the detainee, “if the money is in your left pocket, then, the drugs should be in your underwear.” Id. The detainee then “agreed to allow [the officer] to ‘check further.’ ” Id. In Hughes, we held “on these facts, that [the detainee] voluntarily consented to a pat-down search and to a search of his underwear to ‘check further.’ ” Id. at 458, 524 S.E.2d at 161.
Significantly, in Hughes, we noted that in the absence of such a specific consent to a strip search, “[w]e held in Moss v. Commonwealth, 30 Va.App. 219, 225, 516 S.E.2d 246, 249 (1999), that a defendant’s consent to [a] search [of] his person does not include consent to conduct a strip search.” Hughes, 31 Va.App. at 456, 524 S.E.2d at 160. I believe our holding in Moss controls our judgment on the search in this case.
The evidence in this case proved that, after the police officer saw a bulge in Kidd’s pants, the officer patted that area during a protective search for weapons. During that frisk, the officer removed a change purse from between Kidd’s sweatpants and underpants. He did not expose Kidd’s genitalia or reach inside his underwear. In response to Kidd’s comment, *450 “That is all I got; you can check,” the officer put his fingers inside Kidd’s underwear, pulled Kidd’s underwear away from Kidd’s body, and looked inside Kidd’s underwear to inspect his genitalia. There, he saw a bag of cocaine. In Moss, we ruled as follows:
There is no evidence that ... consent to a “search of his person” extended to a strip search or a body cavity search. The Commonwealth’s reliance upon consent for this intrusion is misplaced. Additionally, the Commonwealth does not satisfy the additional requirements for such an intrusion without consent or without a warrant. We do not address issues concerning the place and manner of the search because we find that there was not a “clear indication” that drugs were located in [the genital area], and we find no exigent circumstances justifying a strip search ... without a warrant.
80 Va.App. at 225, 516 S.E.2d at 249.
Applying the same rationale to the facts of this case, I would hold, as we did in Moss, “that the strip search ... was impermissible and that the trial [judge] erred in refusing to suppress the evidence obtained from the search.” Id. at 226, 516 S.E.2d at 250. Accordingly, I would reverse the conviction and remand for a new trial.